```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
BARBARA EDIDIN,                          :
                         Plaintiff,      :      09 Civ. 7829
                                         :      (DLC)(GWG)
             -v-                         :
                                         :      MEMORANDUM
UPTOWN GALLERY, INC.,                    :      OPINION AND
                         Defendant.      :         ORDER
                                         :
-----------------------------------------X
```

Appearances:

For the plaintiff:
John R. Cahill
Ronald W. Adelman
Lynn & Cahill LLP
58 West 40th Street
New York, NY 10018

DENISE COTE, District Judge:

On November 24, 2009, the Court entered a default in favor of the plaintiff Barbara Edidin ("Edidin") and referred the matter to Magistrate Judge Gabriel W. Gorenstein for an inquest and Report and Recommendation ("Report") as to damages. On March 31, 2010, Judge Gorenstein issued his Report. Neither party has submitted objections to the Report. For the following reasons, the Report's recommendations are adopted and judgment entered against defendant Uptown Gallery, Inc. ("Uptown").

When deciding whether to adopt a report, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C.

§ 636(b)(1)(c).  To accept those portions of the report to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record."  King v. Greiner, 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009) (citation omitted).

Edidin, an artist, filed a complaint on September 11, 2009 alleging breach of fiduciary duty, replevin, conversion, and unjust enrichment against Uptown.  Edidin has shown that years ago Uptown accepted consignment of her artwork but that it has neither returned nor accounted for ten of her works, despite multiple demands for return or payment.

The Report recommends that Edidin be awarded damages on her claims.  When a defendant is liable for conversion, the plaintiff may recover the value of the property at the time and place of conversion, plus interest.  Fantis Foods, Inc. v. Standard Importing Co., 49 N.Y.2d 317, 326 (1980); see also Bank of New York v. Amoco Oil Co., 35 F.3d 643, 657, 659, 662 (2d Cir. 1994).  The Report calculates the value of the ten artworks as $44,125, and recommends an award of prejudgment interest of 9%.  N.Y. C.P.L.R. §§ 5001(a), 5004; Bank of New York v. Amoco Oil Co., 35 F.3d at 662.

The Report recommends that Edidin be awarded prejudgment interest beginning on July 1, 2005.  Interest is ordinarily calculated from the earliest ascertainable date the cause of

action existed, but where damages were incurred at various times, interest may be computed "upon each item from the date it was incurred or upon all of the damages from a single reasonable interim date." N.Y. C.P.L.R. § 5001(b). The Report did not err in selecting the date of July 1, 2005 as a reasonable interim date based on Edidin's estimate that the artwork was sold no later than July 1, 2005. With interest in the amount of $10.87 per day, the award of prejudgment interest as of June 1, 2010 is $19,533.39.

The Report recommends denying Edidin punitive damages. Punitive damages are awarded on a claim for conversion only where "the conversion was accompanied by malice, insult, reckless and willful regard of the plaintiff's rights, or other proof showing the aggravated nature of the act." Colavito v. N.Y. Organ Donor Network, Inc., 438 F.3d 214, 232 (2d Cir. 2006) (citation omitted). Edidin has not objected to this recommendation and it is adopted as not clearly erroneous.

Finally, the Report recommends awarding costs in the amount of $350. 28 U.S.C. § 1920. That recommendation is also adopted.

CONCLUSION

Finding no clear error in Magistrate Judge Gorenstein's Report of March 31, 2010, the Report is adopted. The Clerk of Court shall enter judgment against Uptown Gallery Inc. in the

3

amount of $64,008.39 and close the case. The parties' failure to file written objections precludes appellate review of this decision. See United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997).

    SO ORDERED:

Dated:    New York, New York
           June 1, 2010

                                     DENISE COTE
                            United States District Judge